UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 4:18-cr-00013-TWP-VTW |
| | ) | |
| WAYNE JOHN KOMSI, III, | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM**

For the reasons set forth below and those to be articulated at the sentencing

hearing, the United States respectfully requests that the Court follow the

recommendations of the PSR, set Komsi's total offense level at 18, deny Komsi's

requested offense level reduction for sporting or collection purpose pursuant to

U.S.S.G. § 2K2.1(b)(2), and sentence him to the high end of the guidelines range.

**I.      BACKGROUND**

On January 24, 2020, a jury found Wayne John Komsi, III, guilty of Counts 1

and 4 and not guilty of Counts 2 and 3 of the Superseding Indictment in the above-

captioned matter.   Count One charges Komsi with false statement during purchase

of a firearm.   Count 4 charges Komsi with false statement during the attempted

purchase of a firearm.   The United States Probation Office prepared a Presentence

Investigation Report ("PSR") in this matter.   (Dkt. 143.)   The Sentencing

1

Guidelines calculation contained within the PSR establishes Komsi's total offense level as 18 and his criminal history category as I, resulting in an advisory sentencing guidelines range of 27 months' to 33 months' imprisonment.   (PSR, ¶¶ 22, 25, 56.)

The defendant objects to the total offense level calculated by the PSR, and the exclusion of a guidelines reduction for possession of the firearms solely for lawful sporting or collection purposes. (Dkt. 142.)

This Sentencing Memorandum will focus on the defendant's objection to the Sentencing Guidelines calculations.

## II.   STATEMENT OF THE OFFENSE

In support of its sentencing position, the United States offers the below summary of Defendant Komsi's conduct. The United States also invites the Court's attention to the Complaint, the summary included in the PSR, and the evidence offered at trial. (Dkt. 1: Complaint; Dkt. 143: PSR, at ¶¶ 6-7.)

In January of 2017, Komsi was charged with a felony and was advised of that fact during his initial hearing. (Day 2 at 288-289.) On December 13, 2017, Komsi pleaded guilty to a felony in Jennings County.   The plea agreement Komsi entered referenced five times that Komsi was pleading to a felony (Day 1 at 59).   The plea colloquy, where Komsi was present in person, advised Komsi six times that the crime to which he was pleading was a felony (Day 1 at 63).   As part of the sentence under the Jennings' County plea agreement, Komsi entered into the Veteran's

2

Treatment Court program.   The Veteran's Treatment Court Participation

Agreement advised Komsi two times of the felony status (Day 1 at 68-69).   A term

of the Jennings' County plea agreement and the Bartholomew County Veteran's

Treatment Court agreement was that the defendant was prohibited from possessing

firearms (Day 1 at 72-73.)   Komsi was advised the pending charge he had was a

felony *twenty times* before Komsi purchased the firearms which are the basis for

Counts 1 through 3. (Day 2 at 349-350.)   Additionally, prior to purchasing the 21

firearms at issue here, Komsi acknowledged that as a part of his agreement with

Veteran's Treatment Court, he had to remove from his home 15 firearms. (Day 2 at

301.)   In fact, he had multiple conversations, over a two month period, with his

probation officer regarding their removal from his home. (Day 2 at 300-301.)     The

15 firearms Komsi removed from his home consisted of 7 rifles, 8 handguns, and no

shotguns. (Day 2 at 300.)

On March 3, 2018, Komsi attended an auction where he purchased 21

firearms, which included handguns, shotguns, and rifles. (Day 1 at 74-75.)   Prior to

attending the auction, Komsi decided which guns he would try to purchase and

which ones he would not. (Day 2 at 273.)   Between March 6, 2018 and April 3,

2018, Komsi filled out 3 Firearms Transaction Records, Form 4473, in order to have

those 21 firearms transferred into his possession.   On the forms, Komsi falsely

stated that he was not under information or indictment for a felony. On March 26,

2018, Komsi filled out an additional 4473 form in an attempt to purchase an

3

additional firearm. (Day 2 at 235.)

Komsi testified at trial that, after his parents' estate had been settled, he wanted to pass down to his children and grandchildren what his father had passed on to him and his siblings, which were hunting rifles and handguns. (Day 2 at 271.) After purchasing the guns, Komsi testified that he told his son to put the guns where Komsi could not have access to them. (Day 2 at 311.)

## III.   APPLICABLE LEGAL STANDARDS

A well-established legal framework guides the Court's sentencing determination. The advisory Guidelines range serves as "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49 (2007), and thus remains an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. The Sentencing "Commission fills an important institutional role: It has the capacity courts lack to 'base its determination on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (internal citation omitted). After determining the appropriate Guidelines range, the Court considers the factors set forth in 18 U.S.C. § 3553(a). *United States v. Hurt*, 574 F.3d 439, 443 (7th Cir. 2009). Those factors may demonstrate a need for a variance above or below the Guidelines range. The appellate court reviews such a variance for an abuse of discretion. *Gall*, 552 U.S. at 56.

IV.    SENTENCING GUIDELINES CALCULATIONS

A.    **Base Offense Level**

The PSR sets Komsi's base offense level at 14.   (PSR, ¶ 14.)   The defendant does not object to the PSR's calculation of his base offense level. (Dkt. 142 at 1).

B.    **Number of Firearms Involved**

The PSR provides a four-level enhancement to the defendant's offense level because 22 firearms were involved in the offense (PSR. ¶ 15).   The defendant does no object to the PSR's calculation of the enhancement for the 22 firearms involved. (Dkt. 142 at 1).

C.    **Possession Solely for Sporting or Collection Purposes**

The PSR indicates that Komsi's total offense level is 18 (PSR. ¶ 22).   The defendant objects to the PSR's calculation of his total offense level and argues that he instead falls within a base offense level of 6. (Dkt. 142 at 1.)   Komsi bases this objection on his claim that he possessed the firearms solely for sporting or collection purposes (*Id.* at 2-4).

The Guidelines set out factors to be considered by the Court in making the determination on whether the defendant qualifies for the reduction: "the '[r]elevant surrounding circumstances includ [ing] the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.,* prior convictions for offenses involving firearms), and the extent to which possession was restricted by

local law. U.S.S.G. § 2K2.1(b)(2), comment. (n. 10).   In considering those factors, it

is the defendant's burden to show *all* the guns possessed were *solely* for collection or

sporting purposes. (emphasis added) *United States v. Lewitzke*, 176 F3d 1022, 1028

(7th Cir. 1999).   The defendant has failed to do so.

Both in his objection to the PSR and his sentencing memorandum, Komsi

claims he was "carrying on the tradition of 'passing down' hunting rifles and

shotguns, as well as collector-type handguns." (Dkt. 142 at 3; Dkt. 145 at 2.)   As an

initial matter, Komsi's testimony at trial differs from what he now argues.

Nowhere in his testimony did he say he was "carrying on the tradition" of passing

down shotguns.   At trial, Komsi admitted that, as a term of his Veteran's

Treatment Court Participation agreement, he was required to remove 15 firearms

from his home. (Day 2 at 300.)   The firearms he removed consisted of only

handguns and rifles; not shotguns. *Id.*   At a minimum, Komsi's past possession of

the 15 firearms negates his claim that the shotguns he purchased at the auction

were for collection.   Even assuming that Komsi misspoke at trial and was, in fact,

additionally possessing or acquiring the shotguns to be passed down, Komsi does

not prevail in his argument.

The nail in the proverbial coffin for Komsi is that the only affirmative

evidence in the record regarding Komsi's acquisition or possession of the guns for

sporting or collection purposes is the defendant's own testimony.   The Seventh

Circuit has already decided that such evidence is not sufficient to carry the burden.

*See United States v. Nichols*, 847 F.3d 851, at 860-861 (7th Cir. 2017) (finding that

the district court's denial of the reduction was proper when the only affirmative

evidence of the intended purpose for the defendant's possession of *all* of the

"contraband" was the defendant's own unsupported testimony).   In reaching that

conclusion, the *Nickels'* court pointed to the fact that the district court did not credit

the defendant's testimony having previously found it "incredible." *Id.*   It is quite

clear why a defendant's self-serving statements are not sufficient to carry the

burden: if that, alone, was sufficient, then there would be no need for the Court to

weigh the factors laid out by the Sentencing Commission because every defendant

would qualify for the reduction. That could not be the result the Sentencing

Commission intended.

Komsi argues that the evidence is "uncontroverted" that the firearms were

solely for collection or sporting purposes in an attempt to meet the preponderance

standard. (Dkt. 145 at 3.)   His argument misses the mark.   The sole issue at trial

was whether or not Komsi lied on the four form 4473s.   By the jury's verdict, it

signals that they did not find Komsi's testimony credible.   In fact, one could argue

they found his testimony incredible.

Distilled down, Komsi asked the jury to believe that, after completing high

school, some college, and multiple military schools all requiring reading and

comprehension, he could not understand the terms of both the plea agreement and

Veteran's Treatment Court participation agreement alerting him to the felony

7

status of his charge, the possible penalty, and the requirements of those two

documents placed on him to not acquire or possess firearms; documents that are

written for people far less educated than Komsi to understand.   He further asked

the jury to believe that only after Agent Taylor showed him the plea agreement on

June 14, 2018, essentially alerting Komsi for the 21st time that his charge was a

felony, that Komsi finally understood.   What makes Komsi's testimony even more

incredible is Komsi's lie to Betty Denton on the reason for the denial on the twenty-

second gun.   When Komsi was presented with the denial by Betty Denton, Komsi

told her the reason was because the "Jackson County police or sheriff's department

thought he bought stolen guns…and he was going to sue." (Day 2 at 239.)   If Komsi

truly did not understand why he was being denied (i.e. his knowledge of his felony

status), Komsi would have no reason to lie.   His answer simply could have been

"Oh, I wonder why that is." Komsi went to the effort of concocting a lie as

explanation for why he was denied.   Komsi now asks this Court disregard what the

jury's verdict signals, overlook the lie Komsi told to Betty Denton, and base an

offense level reduction on Komsi's testimony alone.

Even if the court chose to set aside what the jury verdict signals regarding

Komsi's truthfulness, there is evidence in the record for the Court to determine that

Komsi's sole purpose for all of the firearms was not for collection or sporting.   First,

is the evidence provided by Michael Mensendiek, a person who has been in the

business of selling "collections" for over 30 years.   When asked about the

"collectability" of the FMJ handgun, of which Komsi purchased 4, Mr. Mensendiek

testified the FMJ handguns were "not really" collector guns. (Day 1 at 131.)   Mr.

Mensendiek's testimony alone, takes out of the running 4 firearms as "for

collection."   The FMJ guns neither hold special value nor are they antique such

that they would be for the purpose of collection. *See United States v. Clingan*, 254

F.3d 624 (6th Cir. 2001).   Additionally, the size of the four guns, making them

easily concealable, points away from a sporting purpose, especially since there is no

evidence in the record that Komsi purchase any scopes for those firearms.

*Lewitzke*, 176 F.3d at 1028 (finding a short-barrelled pistol typically intended for

concealement was not possessed solely for a "sporting use"); *U.S. v. Morrison*, 983

F.2d 730, 733 (6th Cir. 1993) (finding a .357 Magnum, both concealable and without

a scope was not possessed solely for hunting purposes).

Given the sole issue at trial turned on Komsi's truthfulness, the jury's verdict

conclusively answers that question in the negative. Thus, as to the question of

whether Komsi qualifies for the reduction, the answer for the Court is simple.

Komsi has not met his burden, and the Court should deny his requested reduction.

## III.   SENTENCING RECOMMENDATION

The United States submits that a sentence at the high end of the guideline

range contained in the PSR is a reasonable sentence given the nature and

circumstances of the offense, the history and characteristics of the defendant, while

at the same time promote respect for the law.

Although the guidelines are advisory, this Court must consider the sentence recommended by the guidelines.    18 U.S.C. § 3553(a)(4)(A).    The Court must also consider the need to avoid unwarranted sentencing disparities.    *Id.* § 3553(a)(6). Accordingly, "[t]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009); *accord United States v. Blagojevich*, 854 F.3d 918, 921 (7th Cir. 2017).

A guideline sentence is presumptively reasonable.    *See, e.g., United States v. Nurek,* 578 F.3d 618, 626 (7th Cir. 2009); *Rita v. United States,* 551 U.S. 338, 347 (2007).    Such a sentence would be reasonable in this case.

The factor that weighs most heavily in favor of a sentence at the high end of the guidelines range is the defendant's history and characteristics.   Although the United States did not request an enhancement for obstruction, Komsi's attempt to mislead the jury should still be considered by the Court as a relevant sentencing factor. Komsi's attempt to mislead, combined with his lie to Betty Denton in an attempt to cover up his crime, show Komsi would say what he needs to get what he wants.   Such actions also suggest a likelihood of re-offense when you consider them in combination with the fact that Komsi was already serving a sentence when he committed the instant offense.   Komsi's blatant disregard for the prohibition on acquiring or possessing firearms, due to his own prohibited status**,** shows an

10

unwillingness by Komsi to follow the law, which is a hallmark of indicator for likelihood of re-offense.

Nothing in Komsi's sentencing memorandum weighs against a high end guideline sentence.   In fact, Komsi's education and military career tend to weigh in favor of a higher end guideline sentence.   Having been in the military for such a lengthy period of time gave Komsi an enormous amount of experience in following orders or rules, often times without question. Given that background, Komsi should be the last person to not only argue a mistaken belief of legal status, but also to show such a blatant disregard for the law, especially considering the break on his first offense.

### III.   CONCLUSION

The government requests the Court to follow the recommendations of the PSR and set Komsi's base offense level at 18, deny his requested reduction for collection and sporting purposes pursuant to U.S.S.G. § 2K2.1(b)(2), and sentence him to the high end of the guidelines range.

Respectfully submitted,

JOSH J. MINKLER
UNITED STATES ATTORNEY


By:   /s/ Lindsay E. Karwoski
Lindsay Karwoski
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 7, 2020**, a copy of the foregoing was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

/s/ *Lindsay E. Karwoski*

Lindsay Karwoski
United States Attorney's Office
10 W. Market St., Suite 2100
Indianapolis, IN   46204
Phone:   (317) 226-6333
Fax:   (317) 226-6125
E-mail: lindsay.karwoski@usdoj.gov